UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN GARCIA VALLARTA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*

Respondents.

Case No. 1:26-cv-08296 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 4

Petitioner Juan Garcia Vallarta is an immigration detainee awaiting the outcome of his removal proceedings. Fleeing Mexico, he first entered the United States in February 2024 through the Calexico, California Port of Entry with his partner and children, and was taken into custody by DHS. Dkt. No. 1 at 11; Dkt. No. 10-1 at 2; Dkt. No. 13-1 ¶ 4. He was subsequently served with a Notice to Appear, placing him in removal proceedings, and paroled into the country under 8 U.S.C. § 1182(d)(5)(A) along with his family. Dkt. No. 10-3 at 1; Dkt. No. 13-1 ¶ 5.

After his release, Petitioner began living with his family in Utah where he worked as a painter and enrolled his children in school. Dkt. No. 13-1 ¶¶ 6–7. He also submitted an application for asylum in February 2025, which remains pending with USCIS. Dkt. No. 1 at 11. He and his family appeared for their first immigration court proceeding in September 2025, at which the immigration judge confirmed their information and told them that another hearing would be set at a later date. Dkt. No. 1 at 15; Dkt. No. 13-1 ¶ 8. ICE did not detain Petitioner at that hearing.

In May 2026, Petitioner was pulled over by local police for driving too close to the yellow line. *Id.* ¶ 12. He was subsequently arrested and transferred to ICE custody. He has remained detained for the last five months without any custody determination being made by an immigration judge as Respondents maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). *See* Dkt. No. 10 at 1.

Petitioner contends that his re-detention following his grant of parole without notice and a pre-deprivation hearing violated his Fifth Amendment right to due process. *See* Dkt. No. 1 at 25–26. Many prior orders within this district and throughout the Ninth Circuit are dispositive on the issues raised in the Petition. *See, e.g. Zeus Humberto R.Z. v. Chestnut*, No. 1:26-CV-07791-TLN-SCR, 2026 WL 3181271 (E.D. Cal. Oct. 23, 2026); *Blanco-Rodriguez v. Hernandez*, No. 2:26-CV-03494-JNW, 2026 WL 3072377 (W.D. Wash. Oct. 14, 2026); *Diaz-Alfonso v. Warden, California Cty. Immigration Processing Ctr.*, No. 1:26-CV-07682-DC-CKD, 2026 WL 3060522 (E.D. Cal. Oct. 13, 2026). For the reasons stated in those cases, Petitioner is entitled to relief on his procedural due process claim.

Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody in February 2024. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), Petitioner has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief, arguing that Petitioner may be mandatorily detained under § 1225(b), though they do not specify whether subsection (b)(1) or (b)(2) is applicable.[1] Dkt. No.

[1] Based on records submitted by Respondents, Petitioner was arrested for assault in July 2024, and the charge was dropped in November 2024. Dkt. No. 10-4 at 6. Aside from attaching a RAP sheet, Respondents do not otherwise explain the legal or factual significance of the arrest. Accordingly, any argument with respect to this criminal charge is waived.

10 at 2–3. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by due process. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Claus."). As Petitioner was not provided with notice of the reason for his re-detention, nor any opportunity to challenge the decision to re-detain him, his due process rights were violated.

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Juan Garcia Vallarta from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to a final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 5, 2026

VINCE CHHABRIA
United States District Judge